Filed 8/18/21  P. v. Smith CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078632 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 16CR016505) |
| MARK CHRISTOPHER SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Lisa M. Rogan, Judge.  Affirmed.

Mark Christopher Smith, in pro. per.; and Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, following a joint jury trial with a codefendant, Mark Christopher Smith was convicted of three counts of robbery (Pen. Code,[1] § 211).  The jury also found Smith personally used a firearm in each count and found true enhancements alleged under section 12022.53, subdivision (b).

---

[1]     All further statutory references are to the Penal Code.

The court sentenced Smith to a determinate term of 23 years eight months in prison. The court also imposed a $10,000 restitution fine.

Smith appealed and this court affirmed the convictions but remanded the case to permit the trial court to exercise newly acquired discretion to strike or modify the firearm enhancements. (*People v. Moore, et al.* (Jan. 24, 2019, D074567) [nonpub. opn.].)[2]

On remand, Smith petitioned the trial court to exercise its discretion to strike or modify the enhancements. The court appointed counsel and held a hearing. After considering the petition, the facts of the offenses and Smith's favorable prison record, the court declined to strike or modify the enhancements and reinstated the sentence. The court did reduce the restitution fine to $250.

In its statements denying Smith's petition, the trial judge acknowledged her discretion to strike or modify the firearm enhancements and recognized Smith had done well in prison. The judge concluded the facts of the offenses and the "extensive use of the gun" during the robberies convinced the judge that striking or modifying the enhancements was not warranted.

Smith filed a timely notice of appeal from the order denying his request to modify his sentence.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Smith the opportunity to

---

[2] We have taken judicial notice of our prior opinion in case No. D074567. We decline, however, to take judicial notice of similar but separate postjudgment proceedings regarding the codefendant (case No. D076879).

file his own brief on appeal and he has responded with a supplemental brief. We will address Smith's submission below.

## STATEMENT OF FACTS

The facts of the underlying offenses are fully set forth in our prior opinion. We will not repeat them here. (*People v. Moore, et al., supra,* D074567.)

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Did the lower court abuse its newly granted discretion under section 12022.53, subdivision (h) by denying Smith's motion for resentencing to strike his enhancements for personal use of a handgun under section 12022.53, subdivision (b)?

2. Did the lower court abuse its newly granted discretion under section 12022.53, subdivision (h) by not considering whether to reduce the base term of the enhancement to three or four years, as authorized by section 12022.53, subdivision (b)?

In his supplemental brief, Smith argues his sentence amounts to cruel and unusual punishment. In support of his contention, Smith includes an article and other materials which are not part of the record on this appeal. To the extent Smith wishes to pursue a constitutional challenge to his sentence, he must make a record in the trial court to support such challenge. The record on this appeal does not provide support for the contentions he raises in his supplemental brief. Smith's remedy, if any, is by way of a

petition for habeas corpus filed in the Superior Court. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264.)

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Smith on this appeal.

DISPOSITION

The order denying Smith's motion for resentencing is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.